UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORTNEY WILSON, #264775,

        Petitioner,

v.                                          Case Number 1:18-CV-12450
                                          Honorable Thomas L. Ludington

KEVIN LINDSEY,

        Respondent.
_____/

**ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**

On July 9, 2018, Michigan prisoner Cortney Wilson ("Petitioner"), currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a pro se, one-page pleading, which the Court construes as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions/probation violations in two Genesee County Circuit Court cases, Case No. 13-033401-FH and Case No. 13-033412-FH. Petitioner was discharged from his sentences in Case No. 13-033401-FH on May 9, 2018. *See* Pet., p. 1; Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/otis2/otis2.aspx; Register of Actions, *People v. Wilson*, No. 13-033401-FH (Genesee Co. Cir. Ct.). Petitioner was sentenced on his probation violations in Case No. 13-033412-FH on April 30, 2018. *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/otis2/otis2.aspx; Register of Actions, *People v. Wilson*, No. 13-

033412-FH (Genesee Co. Cir. Ct.). The petition for a writ of habeas corpus will be dismissed. A certificate of appealability and leave to proceed in forma pauperis on appeal will also be denied.

## II.

Promptly after the filing of a habeas petition, a preliminary review of the petition must be undertaken to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

### A.

Petitioner challenges his probation violation proceedings in Case No. 13-033401-FH. A federal court may only entertain a habeas petition on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he [or she] is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Once a sentence for a conviction has fully expired, a habeas petitioner is no longer "in custody" for that offense and cannot bring a habeas petition directed solely at that conviction. *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

The record before this Court shows that Petitioner was discharged from state custody on his convictions and sentences in Case No. 13-033401-FH on May 9, 2018 before he filed his federal habeas petition on July 9, 2018. Consequently, the Court lacks subject matter jurisdiction over Petitioner's habeas claims challenging such matters.

**B.**

Petitioner also challenges his probation violation proceedings in Case No. 13-033412-FH. It is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must present each issue he seeks to raise in a federal habeas proceeding to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to meet his burden. Rather, the record indicates that he was sentenced on the probation violations in Case No. 13-033412-FH on April 30, 2018 – and he neither alleges

nor establishes that he exhausted state court remedies as to any habeas claims arising from that case.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner does not request a stay nor indicate that his circumstances justify a stay. None of Petitioner's potential habeas claims are exhausted. In such a case, a non-prejudicial dismissal of the petition is appropriate. *See Hines v. Romanowski*, No. 2:14-CV-13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); *Wilson v. Warren*, No. 06-CV-15508, 2007 WL 37756, *2 (E.D. Mich. Jan. 4, 2007) ("a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"). Accordingly, a stay is unwarranted and a non-prejudicial dismissal is appropriate.

### III.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court will deny a certificate of appealability. The Court will also deny leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that the claims arising out of Case No. 13-033401-FH are **DISMISSED with prejudice**.

It is further **ORDERED** that the claims arising out of Case No. 13-033412-FH are **DISMISSEED without prejudice.**

It is further **ORDERED** that a certificate of appealability and leave to appeal in forma pauperis are **DENIED.**

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: December 10, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 10, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager